## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **TONJA BEARD,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. H-04-1982** |
| | § | |
| **HARRIS COUNTY,** | § | |
| | § | |
| **Defendant.** | § | |

### MEMORANDUM & ORDER

Pending before the Court is Defendant Harris County's Motion for Summary Judgment (Dkt. #28).  After consideration of the motion, the parties' arguments, and the applicable law, the Court is of the opinion that Harris County's motion should be GRANTED.

### Factual and Procedural Background

Plaintiff  filed this suit in Texas state court alleging that Defendant violated her civil rights under 42 U.S.C. § 1983  by failing, with deliberate indifference, to adequately investigate, train, and supervise Deputy Constable Kevin Tircuit ("Tircuit").  Plaintiff also alleges that Defendant breached her employment contract and violated Texas state law by firing her in retaliation for her participation in the prosecution of Tircuit.  The action was properly removed to federal court and this Court exercises jurisdiction over all claims under 28 U.S.C. § 1441(c).

The events upon which this action is based began in November 2001 when Plaintiff met Tircuit when she went to look at a horse that was for sale. During the next week, Plaintiff and Tircuit saw each other socially and spoke on the telephone. On Wednesday, November 28, 2001, Tircuit persuaded Plaintiff to meet him at his apartment. When Plaintiff arrived in the parking lot of Tircuit's apartment complex, he grabbed Plaintiff's 9 month-old god son from her truck and took the baby into

his apartment. When Plaintiff went into the apartment after the baby, she was sexually assaulted by Tircuit before she was able to escape. In the following days, Tircuit harassed Plaintiff by phone both at work and at home. Plaintiff informed her supervisor of the harassment and the supervisor spoke to Tircuit and instructed him to leave Plaintiff alone. When the harassment did not cease, Plaintiff reported the incident, including the assault and rape, to Tircuit's supervisor at Constable Precinct 5. Plaintiff also alleges that, during this period, Tircuit vandalized her home and truck. As a result of the allegations made by Plaintiff, Tircuit was prosecuted and his employment as a law enforcement officer was terminated. During the prosecution of Tircuit, Plaintiff's employment was also terminated.

Plaintiff asserts that Defendant's deliberate indifference to Tircuit's history of misconduct toward women lead to her assault. Defendant argues that Plaintiff has failed to establish an official policy or custom that was the direct cause of her constitutional injury and that Defendant is immune from Plaintiff's claims under state law. The Court  will consider each of these contentions below.

## Summary Judgment Standard

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Christopher Village, LP v. Retsinas*, 190 F.3d 310, 314 (5th Cir. 1999). "For any matter on which the non-movant would bear the burden of proof at trial . . . , the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718-19 (5th Cir. 1995); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). To prevent summary judgment, the non-movant must "respond

by setting forth specific facts" that indicate a genuine issue of material fact.  *Rushing v. Kansas City S. Ry. Co.*, 185 F.3d 496, 505 (5th Cir. 1999).

When considering a motion for summary judgment, the Court must view the evidence in the light most favorable to the non-movant and draw all reasonable inferences in favor of the non-movant.  *See Samuel v. Holmes*, 138 F.3d 173, 176 (5th Cir. 1998); *Texas v. Thompson*, 70 F.3d 390, 392 (5th Cir. 1995).  "The court may not undertake to evaluate the credibility of the witnesses, weigh the evidence, or resolve factual disputes; so long as the evidence in the record is such that a reasonable jury drawing all inferences in favor of the nonmoving party could arrive at a verdict in that party's favor, the court must deny the motion."  *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).  However, the non-movant cannot avoid summary judgment by presenting only "conclusory allegations," or "unsubstantiated assertions," such as the bare allegations of a complaint, but must present sufficient evidence, such as sworn testimony in a deposition or affidavit, to create a genuine issue of material fact as to the claim asserted.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

## Discussion

### I.   Federal Claims

Plaintiff contends that Defendant was deliberately indifferent to Tircuit's history of misconduct towards women and thereby failed to investigate, train, and supervise Tircuit in a manner that would have prevented the assault and rape giving rise to this claim.  Plaintiff's claim cannot be based directly upon the tortious actions of Tircuit because he cannot be said to have acted under color of state law as is required by 42 U.S.C. § 1983. *Becerra v. Asher*, 105 F.3d 1042, 1045 (5th Cir. 1997) (holding that a "'real nexus' must exist between the activity out of which the violation occur[red] and the [perpetrator's] duties and obligations as [an employee of the state].") ; *Roe v.*

*Humke*, 128 F.3d 1213 (8th Cir. 1997) (holding that parents' reliance on off-duty officer's "cloak of authority" was not sufficient to create a nexus between his sexual assault of their daughter and his official duties and authority as an employee of the state); D.T. *by M.T. v. Independent School Dist. No. 16*, 894 F.2d 1176, 1188 (10th Cir. 1990) (holding that school district could not be held liable under § 1983 for abuse of students by teacher that occurred independent of school activities). However, Plaintiff asserts that Defendant's decision to hire Tircuit without conducting a background check that would have revealed a history of misconduct toward women and subsequent failure to specially train and supervise Tircuit to prevent the sort of injury Plaintiff suffered were the direct and proximate cause of her constitutional injury and evince a deliberate indifference to her rights.

In order to establish a claim under § 1983 for failure to properly investigate, train, and supervise, Plaintiff must show that she was deprived of a constitutional right as a direct and proximate result of an official policy or custom attributable to Defendant. *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002) (*citing Monell v. Department of Soc. Servs.*, 436 U.S. 658 (1978)). Defendant does not dispute that Plaintiff has a liberty interest in her bodily integrity that is protected by the Fourteenth Amendment.

However, Defendant does dispute whether the violation of this right was caused by an official policy or custom of the County. Generally, a plaintiff asserting a § 1983 claim must demonstrate the existence of either an official policy adopted and promulgated by the unit of government, or a "persistent, widespread practice of [government] officials or employees" that is "so common and well settled as to constitute a custom that fairly represents policy." *Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992). The official policy or custom requirement reflects Congress' judgment that municipalities should only be held liable under § 1983 for their own constitutional torts. *Board of County Com'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 403 (1997). The Supreme Court has interpreted this

4

limitation to exclude municipal liability under a theory of respondeat superior. *Id.* Therefore, analysis of the actions allegedly giving rise to liability in this case requires the Court to carefully consider whether those actions can be fairly attributed to the County.

With regard to Defendant's hiring practices, Plaintiff presents no policy or custom at all, but asserts that the absence of any policy is itself the inadequate policy.[1]  Plaintiff includes as Exhibit 6 the "Synopsis for Prospective New Hire" analysis of Tircuit, but fails to identify any part of that evaluation that was deficient.  However, if Plaintiff cannot point to any language in Defendant's policy that is constitutionally suspect, she must provide enough evidence of custom and practice to permit an inference that the County has chosen an impermissible way of operating. *Calhoun v. Ramsey*, 408 F.3d 375, 381 (7th Cir. 2005). The decision to hire Tircuit cannot alone establish a custom rising to the level of official policy.

A "custom" rising to the level of official policy may, in appropriate cases, encompass allegations that a policymaker failed to act affirmatively, including a failure to adequately train a subordinate. *Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir. 1984) (per curiam). However, an allegation of failure to train as a predicate for § 1983 liability assumes the existence of an official policy or custom that the untrained employee has failed to properly implement or such pervasive failure to train that the failure itself rises to the level of a policy or custom.[2]  Plaintiff's response cites

---

[1] Plaintiff asserts in her response that, "[t]he evidence that exists to demonstrate the inadequacy of the policy is the fact that there is no policy . . . ." Dkt. #33, p.7.

[2] In her response, Plaintiff cites *City of Canton v. Harris*, 489 U.S. 378 (1989) and *Burge v. St. Tammany Parish*, 336 F.3d 363 (5th Cir. 2003) to support her failure to train claim.  In *City of Canton*, the Supreme Court found that a plaintiff could state a § 1983 claim where an employee of the defendant unconstitutionally implemented a constitutional official policy. In *Burge*, the Fifth Circuit Court of Appeals found that a plaintiff could state a claim under § 1983 where inadequate training in the maintenance and transfer of police records caused a sheriff to commit a *Brady* violation.

to Harris County Precinct Five Constables Department, Standard Operating Procedure ("SOP") 100/1.06P, which states that "[a]t all times conduct and behavior should reflect the position and professionalism of a deputy for the Precinct Five Constable's office."  However, Plaintiff fails to identify any element of the Department's SOP that was deficient.  Plaintiff seems to contend that some other policy should have existed that would have singled out and dealt with Tircuit's past conduct, and bases this contention on the Department's failure to specially train and/or supervise Tircuit.  Based on nothing more than this allegation, Plaintiff cannot establish a state custom or policy under the analysis applied to failure to train cases.  Plaintiff has failed to show that Defendant failed to train Tircuit to implement any policy or custom or that Defendant had a pervasive practice of failing to adequately train employees rising to the level of a policy or custom because Plaintiff only alleges that Defendant failed to properly train Tircuit.  The Court finds that Plaintiff has failed to establish a policy or custom (including failure to adequately train) in connection with the deprivation of her constitutional right.

However, where, as here, a plaintiff is deprived of a Substantive Due Process right, liability under § 1983 may be established by a single executive action by a government official. *County of Sacramento v. Lewis*, 523 U.S. 833, 846-47 (1998). Plaintiff alleges that the official who hired Tircuit as a Deputy Constable was deliberately indifferent to her rights by failing to properly consider Tircuit's history of misconduct toward women and subsequently failing to take any measure to specially train or supervise Tircuit.  If Plaintiff's claim appeals not to the policy or custom of the County but to the specific executive actions of Tircuit's supervisor, then Plaintiff must establish that the supervisor's decisions were so outrageous as to shock the conscience and violate the "decencies of civilized conduct." *Id.*  Based on the record before the Court, no reasonable jury could find that the actions attributable to Defendant were committed with such want of moral decency. Because

Plaintiff cannot establish the requisite state action, the Court finds that summary judgment is appropriate as to Plaintiff's § 1983 claims.

## II.      State Law Claims

Plaintiff failed to respond to Defendant's argument that Plaintiff's state law claims are barred by the doctrine of sovereign immunity.  Furthermore, Plaintiff failed to assert any claims under state law in the Joint Proposed Pretrial Order (Dkt. #38).  Because the statement of claims in the pretrial order supersedes the claims stated in the complaint, the Court finds that Plaintiff's state law claims have been abandoned.  FED. R. CIV. P. 16; *Syrie v. Knoll Intern.*, 748 F.2d 304, 308 (5th Cir. 1984). Therefore,  summary judgment is appropriate as to Plaintiff's previously asserted state law claims.

Conclusion

For the reasons set forth above, the Court is of the opinion that Defendant's Motion for Summary Judgment should be GRANTED.

It is so ORDERED.

Signed this 17th day of October, 2005.

JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE